# In the United States Court of Federal Claims

No. 19-978C

(Filed: February 14, 2020)

**(NOT TO BE PUBLISHED)**

| | |
|---|---|
| **GEORGE WYATT,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| **THE UNITED STATES,** | ) |
| | ) |
| *Defendant.* | ) |

## OPINION AND ORDER

On July 5, 2019, Plaintiff, George Wyatt, filed a complaint with this Court. The handwritten complaint is nearly indecipherable. As far as the Court can discern, however, Mr. Wyatt primarily has copied various legal standards, but has made almost no factual allegations. Mr. Wyatt appears to claim that various individuals connected to the State of Texas correctional system have engaged in abuse, negligence, and various other tortious acts, including false imprisonment; that at least one of Mr. Wyatt's attorneys committed legal malpractice; that certain judges or magistrates abused Mr. Wyatt; that certain individuals or acts violated Mr. Wyatt's Due Process rights; and that Mr. Wyatt is entitled to recover costs because several United States District Courts previously dismissed Mr. Wyatt's complaints in other actions.[1]

---

[1] The Court was able to locate one of the cases that Mr. Wyatt cites — *Wyatt v. Dallas Sherriff Dept. of Dallas Cty et al.*, No. 1:17-CV-06256-CM. In that case, the United States District Court for the Southern District of New York dismissed Mr. Wyatt's complaint under 28 U.S.C. § 1915(g) because Mr. Wyatt had, on three or more prior occasions, while incarcerated, brought an action in a court of the United States that the respective court then dismissed on the grounds that the action was frivolous, malicious, or failed to state a claim upon which the court could grant relief. This Court has located at least two other cases, which Mr. Wyatt did not cite in his complaint, in which a United States District Court dismissed Mr. Wyatt's complaint on the same ground. *See Wyatt v. Szymezak*, No. 1:18-CV-628, 2019 WL 1430926, at *1 (E.D. Tex. Mar. 28, 2019); *Wyatt v. Texas*, No. 18-CV-0490, 2018 WL 2015826, at *1 (W.D. La. Apr. 30, 2018).

7018 0040 0001 1393 2584

On September 3, 2019, the Government filed a motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). The Court required Mr. Wyatt to respond to the Government's motion by October 4, 2019. On October 15, 2019, Mr. Wyatt filed a motion for a more definite statement. The Court denied Mr. Wyatt's motion on October 17, 2019 and set a new date for his response — October 29, 2019. Mr. Wyatt has not responded to the Government's motion to dismiss.[2] For the reasons below, Mr. Wyatt's complaint is **DISMISSED**.

The Court has a responsibility to ensure that it has jurisdiction over any claim presented. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Tucker Act, 28 U.S.C. § 1491, establishes this Court's jurisdiction and provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a).

In addition to conferring jurisdiction on the Court, the Tucker Act waives the sovereign immunity of the United States "[f]or actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions[.]" *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004); *see United States v. Mitchell*, 463 U.S. 206, 212–16 (1983). The Tucker Act, however, "does not create a substantive cause of action[.]" *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Rather, "a plaintiff must identify a separate source of substantive law that creates the right to money damages" to "come within the jurisdictional reach and the waiver of the Tucker Act[.]" *Id.* (citing *United States v. Mitchell*, 463 U.S. 206, 16 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)).

Mr. Wyatt is proceeding *pro se*, and this Court generally holds a *pro se* plaintiff's pleadings to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *see, e.g.*, *Troutman v. United States*, 51 Fed. Cl. 527, 531 (2002). The Court, however, "may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only." *Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019) ("Nonetheless, even pro se plaintiffs must persuade the court that jurisdictional requirements have been met."). The plaintiff "bears the

---

[2]In the alternative, the Court dismisses Mr. Wyatt's complaint for failure to prosecute. RCFC 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

The starting point for determining whether this Court has jurisdiction is Mr. Wyatt's complaint, which the Court construes liberally. In this case, however, the complaint fails to establish this Court's "jurisdiction to entertain the suit" for at least three reasons. *Georgetown Steel Corp. v. United States*, 801 F.2d 1308, 1312 (Fed. Cir. 1986).

First, the complaint provides an "Allegation of Jurisdiction," which fails to invoke the Tucker Act. Compl. at 1. Mr. Wyatt — without providing any facts — cites to several statutes, regulations, and rules as purportedly providing a basis for jurisdiction, but does not invoke 28 U.S.C. § 1491. Compl. at 1. Nor does Mr. Wyatt invoke any other statute, regulation, or rule in his "Allegation of Jurisdiction" which implicates this Court's jurisdiction. For example, Mr. Wyatt lists 28 U.S.C. § 2860, which provides several exceptions to the government's waiver of sovereign immunity under the Federal Tort Claims Act. Compl. at 1. Even if Mr. Wyatt intended to cite to a different provision of the Federal Tort Claims Act, however, "jurisdiction over tort claims against the federal government lies exclusively in federal district courts" and "this court lacks jurisdiction to entertain claims sounding in tort." *Rohland v. United States*, 136 Fed. Cl. 55, 65 (2018). Mr. Wyatt also lists 42 U.S.C. §§ 2201–10 as a purported basis for jurisdiction — again without providing any supporting factual allegations. Compl. at 1. Those statutes relate to the general authority of the Atomic Energy Commission, but provide no basis for this Court to assume jurisdiction over Mr. Wyatt's claims, particularly without any accompanying factual allegations. The remainder of Mr. Wyatt's list of laws in the "Allegation of Jurisdiction" are indecipherable, and this Court has "no duty . . . to create a claim which [the plaintiff] has not spelled out in his pleading[.]" *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995) (quotation omitted). Accordingly, the Court lacks subject-matter jurisdiction over Mr. Wyatt's complaint.

Second, beyond the threadbare statutory citations in the "Allegation of Jurisdiction," the complaint does not state a claim "against the United States." 28 U.S.C. § 1491(a). Rather, Mr. Wyatt's own caption names the "State of Texas" as the primary defendant, and the substance of the complaint lodges allegations against various individuals in the Texas correctional system and Mr. Wyatt's attorney in his previous criminal proceedings. Compl. at 1–2. "It is well established that the jurisdiction of this court extends only to claims against the United States, and obviously a controversy between private parties could not be entertained." *Nat'l City Bank of Evansville v. United States*, 163 F. Supp. 846, 852 (Ct. Cl. 1958) (internal footnotes omitted). Similarly, "the Court of Federal Claims does not have jurisdiction to hear claims against states or state officials." *Fullard v. United States*, 78 Fed. Cl. 294, 301 (2007). For this additional reason, the Court lacks subject-matter jurisdiction here.

Third, after conducting a searching review and attempting to piece together the sparse factual allegations within the complaint to identify a colorable claim, the Court concludes that Mr. Wyatt's factual assertions are not cognizable under the Tucker Act. The majority of Mr. Wyatt's claims — liberally construed — allege negligence, neglect, abuse, and various other tortious acts including false imprisonment. These claims sound in tort, and this Court does not possess jurisdiction to entertain such claims. 28 U.S.C. § 1491(a)(1). Similarly, this Court cannot entertain Mr. Wyatt's Due Process claims "because they do not mandate payment of

money by the government." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Finally, assuming Mr. Wyatt is attempting to relitigate or challenge his prior conviction, "[t]he court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code[,]" *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994), and no "jurisdiction to consider claims which amount to collateral attacks on criminal convictions." *Beadles v. United States*, 115 Fed. Cl. 242, 245 (2014).

Accordingly, the complaint is hereby **DISMISSED** pursuant to RCFC 12(b)(1) and 12(h)(3). Furthermore, in light of this decision, and based on the rulings by several United States District Courts barring Mr. Wyatt from filing any future actions *in forma pauperis*, Mr. Wyatt hereby is barred from initiating any future actions *in forma pauperis* in this Court pursuant to 28 U.S.C. § 1915, and the Clerk is directed to reject any future complaints that Mr. Wyatt files without the requisite filing fee and without prior approval.

**IT IS SO ORDERED**.

Matthew H. Solomson
Judge